**Boyd A. VEENKANT, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 19069.**

United States Court of Appeals
Sixth Circuit.

Sept. 19, 1969.

Boyd A. Veenkant, in pro per.

Paul M. Ginsburg, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, and

Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This appeal involves the installment method of reporting income under Section 453 of the Internal Revenue Code of 1954. In October 1966 the Commissioner sent to appellant a notice of deficiency in the amount of $4,173.39 for the taxable year ending December 31, 1963. Appellant challenged this assessment in the Tax Court which rendered an unreported decision in favor of the Commissioner. We affirm the Tax Court.

In 1963 the taxpayer and his wife owned two adjoining parcels of land in Allegan, Michigan, upon which were located their residence and a motel. Sometime prior to June 29, 1963, the taxpayer listed his motel with a real estate agent and agreed to pay him a commission in the event of a sale. Also sometime prior to this date, the taxpayer negotiated with the purchaser (the eventual purchaser of both the motel and the residence) for the sale of his residence. Subsequently on June 29, 1963, the taxpayer and his wife entered into an installment contract for the sale of both parcels of real estate.

The stated sale price set forth in the contract was $80,000 with no allocation being made to the motel or the residence. The cash down payment was $25,000 and the remaining balance of $55,000 was to be paid in monthly payments of $450 with interest.

In his joint individual tax return for 1963, appellant allocated $61,000 as the sale price of the motel and $19,000 as the sale price of the residence. Out of the $25,000 cash down payment received in 1963, appellant allocated $19,000 as payment in full for the residence and $6,000 as a down payment for the motel.

He reported no gain on the sale of his residence since his basis was $19,000. As to the motel sale he computed his taxable gain for 1963 as $664.90, utilizing the installment method of reporting income under § 453 of the Internal Revenue Code.

In assessing the deficiency the Commissioner denied the use of the installment method and treated the sale of the two parcels as a single sale.

The Tax Court held that although the sale of each parcel was separately negotiated, the sale of the taxpayer's residence and motel properties was a single transaction in which the down payment alone exceeded thirty per cent of the total selling price.[1]

Appellant, appearing pro se, contends that there were two separate sales of real estate. He appears to base his contention on the fact that he was responsible for the sale of his residence while the real estate agent sold the motel.

In the sale contract the two parcels of land were described separately. Yet only one sale price was referred to and no allocation was made between the two pieces of property. Further, the contract contained a clause which permitted the seller to regain possession of both parcels in the event of a default by the purchaser. This provision is inconsistent with the contention of the taxpayer that the residence was paid for in full with a portion of the down payment.

Section 453 of the Internal Revenue Code of 1954 allows the taxpayer to report only that part of the sale price actually received in the year of the sale if the payments do not exceed thirty per cent of the selling price. The taxpayer did not produce any evidence in the Tax Court that there were two separate sales of property. The fact that there were two separate parcels of land involved and each was negotiated for separately does not change the applicability of § 453 if both were combined in-

1. $25,000 is 31.25% of $80,000.

to one single sale with a selling price of $80,000.

We hold that the findings of fact of the Tax Court are not clearly erroneous, Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218, and that the use of the installment method of § 453 was correctly denied.

Affirmed.